UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| COREY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 3:22-cv-00272-JHE |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Corey Jackson ("Jackson"), proceeding *pro se*, challenges the Commissioner of Social Security's finding that Jackson was disabled and entitled to Supplemental Security Income starting in February 2020, but was not entitled to a period of disability or disability insurance benefits and not entitled to any benefits before that date. (Docs. 1 & 11). The undersigned has carefully considered the record and, for the reasons stated below, the action is **DISMISSED**.

### I. Factual and Procedural History

Jackson has filed for benefits in the past. Specifically, on January 16, 2014, Jackson applied for benefits alleging disability beginning on August 31, 2012. (Tr. 71). After denials, Jackson again applied for benefits on September 24, 2015, alleging disability beginning March 29, 2016. (Tr. 87). His applications were again denied. (Tr. 9). Jackson's third application, filed September 13, 2018, alleging disability beginning February 22, 2017, again resulted in an unfavorable decision. (Tr. 9, 110-119). Notably, Jackson's insured period expired during the adjudication of this third application, on March 31, 2018. (Tr. 11, 249).

Most recently, on February 20, 2020, Jackson filed a Title II application for a period of

disability and disability insurance benefits ("DIB"), alleging disability beginning January 25, 2014. (Tr. 9). Jackson's claim was denied initially on July 16, 2020, and upon reconsideration on September 29, 2020. (*Id.*). Thereafter, on November 12, 2020, Jackson filed a written request for a hearing. (*Id.*).

On March 8, 2021, the Administrative Law Judge ("ALJ") held a telephone hearing (due to circumstances presented by the COVID-19 pandemic). (Tr. 9). Although advised of his right to counsel, Jackson elected to proceed without an attorney or other representation. (*Id.*).

The ALJ recognized Jackson's previous applications. (*Id.*). The ALJ also noted that Jackson was (and remains) in "pay status" for Supplemental Security Income ("SSI") payments, having been found disabled by the State Agency based on a February 20, 2020 Title XVI application. (Tr. 10). The ALJ then determined that *res judicata* did not apply because there had been a change in the Listing of Impairments.[1] (Tr. 11). Thus, although the change in the regulations prevented the ALJ from dismissing a hearing request based on administrative *res judicata*, the rule regarding administrative finality still applied. (*Id.*). Thus, review of Jackson's February 2020 DIB application would only be permissible if the ALJ determined the agency was able to reopen his prior claims. (*Id.*).

The ALJ found there was no reason to reopen the administratively final decisions. (Tr. 12-13). The challenged determinations being within four years of the current application, they could be reopened for "good cause" or if they were obtained by fraud or similar fault. (Tr. 12); 20 C.F.R. §§ 404.988, 404.989. The ALJ explained that such good cause existed when there is new and material evidence, there has been a clerical error in the computation of benefits, or the evidence

---

[1] This new rule seems to answer Jackson's question – "what makes [him] disabled after March 2018, that did not qualify [him] before[?]" (Doc. 11 at 1).

that was considered in making the determination clearly shows on its face that an error was made. (Tr. 12); 20 C.F.R. §§ 404.989. The ALJ applied this standard and found there was not good cause to reopen the prior decisions. (Tr. 12).

## II. Standard of Review[2]

The Social Security Act significantly limits the scope of the Court's review of the Commissioner's final decision—only giving the Court the power to determine whether the decision is legally sound and based on substantial evidence. 42 U.S.C. § 405(g). The "substantial evidence" standard gives deference to the Commissioner—all that is needed to affirm the Commissioner's decision is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (emphasis supplied); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* It means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citation omitted); accord *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). This Court "may not decide facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). De novo review is given to the legal conclusions of the Commissioner. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III. Findings of the Administrative Law Judge

As to the current application for DIB, the ALJ made the following findings:

---

[2] In general, the legal standards applied are the same whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

3

First, the ALJ found Jackson met the insured status requirements of the Social Security Act through March 31, 2018 ("DLI"). (Tr. 11). The ALJ next determined that *res judicata* could not apply because of the changes in the musculoskeletal listings that became effective April 2, 2021. (*Id.*). The ALJ noted that administrative rules regarding *res judicata* and finality dictate that payment of a claim would be based on the current application alone, unless the conditions for reopening an earlier claim are met. (*Id.*). The ALJ concluded that there was no reason to reopen the administratively final decisions of January 16, 2014, January 23, 2018, or September 4, 2019. (Tr. 12).

The ALJ next found that, based on the current DIB application, Jackson was not insured for DIB for the time-period at issue – September 5, 2019 (the day after the administratively final hearing decision of September 4, 2019) through the date of the ALJ's decision, July 21, 2021. (Tr. 12). Thus, the ALJ concluded that Jackson was not entitled to a period of disability or DIB based on his February 20, 2020 application. (Tr. 13). The ALJ expressly noted that her decision does not impact Jackson's pay status for SSI benefits based on his February 20, 2020 Title XVI application. (*Id.*).

### IV. Analysis

**A. The ALJ's Decision Not to Reopen Jackson's DIB Application(s) is Not Judicially Reviewable**

For Jackson to be eligible for DIB based on his February 2020 application, he must establish disability prior to March 31, 2018, the expiration of his insured status. *See* 20 C.F.R. §§ 404.101, 404.130, 404.131. Reviewing a previous application, the ALJ noted that a previous ALJ found that Jackson was not disabled prior to his date of last insured. (Tr. 10). Thus, the ALJ explained that she could not find Jackson entitled to DIB based on his February 2020 application unless there were grounds to reopen the decision on his prior application. (*Id.*). There does not

4

appear to be authority for judicial review of this decision.

In the context of Social Security proceedings, the Social Security Act authorizes judicial review only when a litigant can satisfy all of the following elements:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g). As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Moreover, Congress provided that, if a litigant is unable to satisfy all the statutory elements, then a court lacks jurisdiction to review a decision of the Commissioner:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h) (also barring federal question jurisdiction under 28 U.S.C. § 1331).

The Supreme Court has recognized that the agency's refusal to reopen a Social Security claim is generally not subject to review under 42 U.S.C. § 405(g). *See Sanders*, 430 U.S. at 107-08. In *Sanders* the Supreme Court explained that § 405(g) limits judicial review to a final decision "made after a hearing," but that "a petition to reopen a prior final decision may be denied without a hearing." *Id.* at 108. Though the Supreme Court more recently reconsidered the definition of a "final decision" made after a hearing, the Supreme Court did not disturb *Sanders'* holding. *Smith v. Berryhill*, 139 S. Ct. 1765, 1775-76 (2019). However, in *Sanders* the Supreme Court found an exception exists when a claimant can sustain his burden to establish a "colorable constitutional claim." *Sanders*, 430 U.S. at 109. This constitutional issue must concern the proceedings in which the decision not to reopen was made. *Cherry v. Heckler*, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985).

5

Otherwise, constitutional claims arising out of administrative proceedings could be preserved indefinitely through requests to reopen. *Id.*

Jackson presents no colorable constitutional claim to support having this court order his application for DIB to be reopened. As such, this court has no jurisdiction to order relief.

## V. Conclusion

Based on the foregoing, and upon careful consideration of the administrative record and memoranda of the parties, this action is **DISMISSED**. A separate order will be entered.

DONE this 18th day of July, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE